**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------x

FLAWLESS STYLE LLC AND FLORIDA HUSKER, LLC

                                    Plaintiffs,

v.

SAADIA GROUP LLC,

                                      Defendants

--------------------------------------------------------------------------x

Case No. 23-cv-02354
Hon. Jennifer H. Rearden

**ANSWER TO**
**FIRST AMENDED**
**COMPLAINT**

**<u>JURY DEMAND</u>**

       Defendant, SAADIA GROUP LLC, by its attorneys, Shapiro & Associates Attorneys at Law,

PLLC, answers every corresponding numbered Paragraph of Plaintiffs' First Amended Complaint,

upon information and belief, as follows:

1. Defendant denies these allegations as presented in paragraph 1.
2. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 2that are inconsistent with those terms.
3. Defendant denies these allegations as presented in paragraph 3.
4. Defendant denies these allegations as presented in paragraph 4. Defendant respectfully refers the Court to the referenced documents which contains the promises exchanged by the parties and denies all allegations that are inconsistent with those terms. The allegations also constitute legal argument and conclusions to which no response is required.  To the extent a response is required, the allegations are denied.
5. Defendant denies these allegations as presented in paragraph 5. Defendant respectfully refers the court to the referenced documents which contain the promises exchanged by the parties and denies all allegations that are inconsistent with those terms. The allegations also constitute legal argument and conclusions to which no response is required; to the extent a response is required, the allegations are denied.
6. Defendant denies these allegations as presented in paragraph 6, however admits that the Plaintiff sent a letter regarding payment; Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves.
7. Defendant denies these allegations as presented in paragraph 7.
8. Defendant denies these allegations as presented in paragraph 8. Plaintiff's attempted termination was improper.

9. Defendant denies these allegations as presented in paragraph 9. Defendant respectfully refers the Court to the referenced document(s) which contains the promises exchanged by the parties. The allegations constitute legal argument and conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions.

10. Defendant denies these allegations as presented in paragraph 10.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of these allegations in paragraph 11.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of these allegations in paragraph 12.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of these allegations in paragraph 13.

14. Defendant admits these allegations as presented in Paragraph 14.

15. The allegations in paragraph 15 constitute legal argument and conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions. Defendant admits that it is organized under the laws of NY and has principal place of business in NY county and that it conducts business in NY. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations that are inconsistent with those terms.

16. The allegations in paragraph 16 constitute legal argument and conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations that are inconsistent with those terms.

17. The allegations in paragraph 17 constitute legal argument and conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations that are inconsistent with those terms.

18. Defendant admits these allegations as presented in Paragraph 18.

19. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 19 that are inconsistent with those terms.

20. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 20 that are inconsistent with those terms.

21. Defendant denies these allegations as presented in paragraph 21.

22. The allegations in paragraph 22 constitute legal argument and conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions. Defendant respectfully refers the Court to the referenced alleged registrations, which speak for themselves and reserves its rights against such alleged registrations.

23. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 23 that are inconsistent with those terms.

24. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 24 that are inconsistent with those terms.

25. Defendant respectfully refers the Court to the referenced document(s) for the precise terms and promises exchanged between the parties, which speak for themselves, and denies all allegations in paragraph 25 that are inconsistent with those terms.

26. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 26 that are inconsistent with those terms.

27. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 27 that are inconsistent with those terms.

28. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 28 that are inconsistent with those terms.

29. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 29 that are inconsistent with those terms.

30. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 30 that are inconsistent with those terms.

31. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 31 that are inconsistent with those terms.

32. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 32 that are inconsistent with those terms.

33. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 33 that are inconsistent with those terms.

34. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 34 that are inconsistent with those terms.

35. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 35 that are inconsistent with those terms.

36. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 36 that are inconsistent with those terms.

37. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 37 that are inconsistent with those terms.

38. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 38 that are inconsistent with those terms.

39. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 39 that are inconsistent with those terms.

40. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 40 that are inconsistent with those terms.

41. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 41 that are inconsistent with those terms.

42. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 42 that are inconsistent with those terms.

43. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 43 that are inconsistent with those terms.

44. Defendant denies these allegations in paragraph 44 as presented.

45. Defendant denies these allegations in paragraph 45 as presented.

46. Defendant denies these allegations in paragraph 46 as presented. The allegation is vague and Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein.

47. Defendant denies these allegations in paragraph 47 as presented. The Plaintiffs did not do sufficient promotion as expected under the Licensing Agreement.

48. Although Defendant admits that at some point various payments under the licensing agreement have ceased, however, the Defendant denies the allegation in paragraph 48 as presented since the Plaintiffs were in breach of their duties under the licensing Agreement.

49. Although Defendant admits that at some point various payments under the licensing agreement have ceased, however, Defendant denies these allegations in paragraph 49 as presented since the Plaintiffs was in breach of their duties under the licensing Agreement.

50. Although Defendant admits that at some point various payments under the licensing agreement have ceased, however, Defendant denies these allegations in paragraph 50 as presented since the Plaintiffs were in breach of their duties under the licensing Agreement.

51. The allegations in paragraph 51 constitute legal argument and conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions. Defendant denies these allegations as presented.

52. Defendant denies these allegations in paragraph 52 as presented.

53. Defendant denies these allegations in paragraph 53 as presented. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations that are inconsistent with those terms. Defendant admits that a letter was sent by Licensor.

54. Defendant denies these allegations in paragraph 54 as presented.

55. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 55 that are inconsistent with those terms. The allegations in paragraph 55 constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions.

56. Defendant denies these allegations in paragraph 56 as presented. As of present day, GU does not feature as a top-level menu as presented in paragraph 56.

57. As of present day, GU is not listed as a featured brand as presented in paragraph 57.

58. Defendant denies these allegations in paragraph 58 as presented.

59. Defendant repeats and realleges each and every answer in all proceeding paragraphs as if fully set forth herein.

60. Defendant admits allegation in paragraph 60 that Licensor and Saadia executed a licensing agreement dated June 1, 2021.

61. Defendant denies these allegations in paragraph 61 as presented.

62. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 62 that are inconsistent with those terms.

63. The allegations in paragraph 63 constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions. Defendant denies these allegations as presented.

64. Defendant denies these allegations in paragraph 64 as presented.

65. Defendant denies these allegations in paragraph 65 as presented.

66. Defendant denies these allegations in paragraph 66 as presented.

67. Defendant repeats and realleges each and every answer in all proceeding paragraphs as if fully set forth herein.

68. Defendant admits allegation in paragraph 68 that Licensor and Saadia executed a licensing agreements dated June 1, 2021.

69. Defendant denies these allegations in paragraph 69 as presented.

70. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 70 that are inconsistent with those terms.

71. The allegations in paragraph 71 constitute legal argument and conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions. Defendant denies these allegations as presented.

72. Defendant denies these allegations in paragraph 72 as presented.

73. Defendant denies these allegations in paragraph 73 as presented.

74. Defendant repeats and realleges each and every answer in all proceeding paragraphs as if fully set forth herein.

75. Defendant admits that Licensor and Saadia executed a licensing agreement dated June 1, 2021.

76. Defendant denies these allegations in paragraph 76 as presented.

77. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 77 that are inconsistent with those terms.

78. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 78 that are inconsistent with those terms.

79. Defendant respectfully refers the Court to the referenced document(s) for the precise terms therein, which speak for themselves, and denies all allegations in paragraph 79 that are inconsistent with those terms.

80. Defendant denies these allegations in paragraph 80 as presented.

81. Defendant denies these allegations in paragraph 81 as presented.

82. Defendant denies these allegations in paragraph 82 as presented.

83. Defendant denies these allegations in paragraph 83 as presented.

84. Defendant denies these allegations in paragraph 84 as presented.

85. Defendant denies these allegations in paragraph 85 as presented.

86. Defendant denies these allegations in paragraph 86 as presented.

87. The allegations in paragraph 87 constitute legal argument and conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions. Defendant denies these allegations as presented.

88. Defendant denies these allegations in paragraph 88 as presented.

89. Defendant repeats and realleges each and every answer in all proceeding paragraphs as if fully set forth herein.

90. The allegations in paragraph 90 constitute legal argument and conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions. Defendant respectfully refers the Court to the referenced alleged registrations, which speak for themselves. Defendant reserves all its rights and defenses against such allegation.

91. The allegations in paragraph 91 constitute legal argument and conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions. Defendant denies these allegations as presented.

92. Defendant denies these allegations in paragraph 92 as presented.

93. Defendant denies these allegations in paragraph 93 as presented.

94. Defendant denies these allegations in paragraph 94 as presented.

95. Defendant denies these allegations in paragraph 95 as presented.

96. Defendant denies these allegations in paragraph 96 as presented.

97. Defendant denies these allegations in paragraph 97 as presented.

98. Defendant denies these allegations in paragraph 98 as presented.

99. Defendant denies these allegations in paragraph 99 as presented.

100.     Defendant repeats and realleges each and every answer in all proceeding paragraphs as if fully set forth herein.

101.     The allegations in paragraph 101 constitute legal argument and conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions. Defendant denies these allegations as presented.

102.     Defendant denies these allegations in paragraph 102 as presented.

103.     Defendant denies these allegations in paragraph 103 as presented.

104.     Defendant denies these allegations in paragraph 104 as presented.

105.     Defendant denies these allegations in paragraph 105 as presented.

106.     Defendant denies these allegations in paragraph 106 as presented.

107.     Defendant denies these allegations in paragraph 107 as presented.

108.     Defendant denies these allegations in paragraph 108 as presented.

109.     Defendant denies these allegations in paragraph 109 as presented.

110.     Defendant denies these allegations in paragraph 110 as presented.

111.     Defendant repeats and realleges each and every answer in all proceeding paragraphs as if fully set forth herein.

112.     Defendant denies these allegations in paragraph 112 as presented.

113.     Defendant denies these allegations in paragraph 113 as presented.

114.     The allegations in paragraph 114 constitute legal argument and conclusions to which no response is required.  To the extent a response is required, the allegations are denied. Defendant reserves its rights respecting such legal conclusions.

115.     Defendant denies these allegations in paragraph 115 as presented.

116.     Defendant denies these allegations in paragraph 116 as presented.

117.     Defendant denies these allegations in paragraph 117 as presented.

118.     Defendant denies these allegations in paragraph 118 as presented.

119.     Defendant denies these allegations in paragraph 119 as presented.

120.     Defendant repeats and realleges each and every answer in all proceeding paragraphs as if fully set forth herein.

121.     The allegations in paragraph 121 constitute legal argument and conclusions to which no response is required.

122.     Defendant denies all parts of the wherefore section.


## GENERAL DENIAL


123.     Unless specifically admitted herein, Defendant denies each and every allegation

in the Complaint and demands strict proof thereof.

**AS AND FOR DEFENDANT'S**

**AFFIRMATIVE DEFENSES**

124.     Without assuming the burden of proof where such burden properly rests with the

Plaintiffs, and without waiving, and while expressly reserving, the right to assert any and

all such defenses at such time and to such extent as discovery and factual developments

may establish a basis therefor, Defendant hereby asserts the following separate and

additional defenses to Plaintiffs' claims.  Defendant reserves the right to add additional and

further defenses as may become available or apparent during discovery proceedings and

hereby reserves the right to amend its Answer and assert any such defense by appropriate

motion or otherwise.

**FACTUAL ALLEGATIONS**

**COMMON TO AFFIRMATIVE DEFENSES & COUNTERCLAIMS**

125.     Defendant repeats and realleges each and every answer in all proceeding paragraphs

as if fully set forth herein.

126.     The Plaintiff Flawless Style LLC and Saadia Group LLC entered into a License

And Spokesperson Agreement dated June 1, 2021 ("LSA" or "Licensing Agreement")

127.     The alleged termination of the LSA is due to the conduct and fault of the Plaintiffs

and the Artist Gabrielle Union ("Ms. Union" or "Artist").

128.     As per the licensing agreement, the products to be sold had to be approved by

Licensor, which may not be unreasonably withheld, conditioned or delayed.

129.      LSA Paragraph 2.b. states,

"As used herein, 'Collection Merchandise' shall mean women's apparel, swimwear, bedding, home goods and furniture and "Accessory" (as defined below) merchandise, designed by or on behalf of Saadia and approved by Licensor, associated with the Artist Identification, and branded with a mutually-approved Artist-related and NY&CO, Fashion to Figure or Lord & Taylor-related brand (e.g., the Gabrielle Union Collection for New York & Company ) and such other branding as mutually agreed by the parties (the 'Co-Brand') for inclusion in specific Collections, as such term is defined below." (ECF No. 20-1 - Pl. Exhibit A).

130.      LSA Paragraph 3.c. states in part,

"Licensor shall notify Saadia of its approval or disapproval of such materials within two (2) business days of Licensor's receipt, excluding Saturdays, Sundays and/or Major Holidays as defined in Section 3(k) below (the "Approval Turnaround Period") of such executions (the "Approved Design(s)"). In the event Licensor has not provided approval or disapproval for any design execution within the Approval Turnaround Period, such design executions shall be deemed disapproved; provided, however, in such event, Saadia shall be entitled to send a written or e-mailed reminder to Licensor regarding such design execution(s) and if such reminder notice is not responded to within one (1) business day following receipt of such notice, such design execution(s) shall be deemed approved." (ECF No. 20-1 - Pl. Exhibit A).

131.      LSA Paragraph 7 states, "Licensor shall have approval over the following, with such approval not to be unreasonably withheld, conditioned or delayed:" (ECF No. 20-1 - Pl. Exhibit A).

132.      However in contravention of the LSA, Plaintiffs and Ms. Union would continuously and unjustifiably delay giving such approvals and consistently make unreasonable denials and unreasonable modifications.

133.      The Plaintiffs made it very challenging to get feedback and approval from them.

134.      Plaintiffs sought design presentations that were unreasonable and financially untenable. Plaintiffs did not act in good faith

135.     When the LSA envisioned the turnaround for approval to be about 3 days, the Plaintiffs and Ms. Union in contravention of the LSA caused months upon months of delays.

136.     Plaintiffs' unjustifiable delays and conduct negatively impacted production, pricing and delivery.

137.     Plaintiffs' failures also caused the launching of Fashion-To-Figure site scheduled for fall of 2021 to be scrapped and be delayed until March of 2022, at the earliest as per Plaintiffs' admission.

138.     Fashion-To-Figure is one of only four websites listed in the licensing agreement and thus Plaintiffs conduct was a material breach of the LSA. (ECF No. 20-1 - Pl. Exhibit A – LSA prg. 2.a.).

139.     Despite Plaintiffs' conduct in contravention of the LSA, Defendant was still paying the Plaintiffs.

140.     Plaintiffs failed to communicate and made it difficult to build a successful team. Plaintiffs acted in bad faith and in contravention of the LSA.

141.     Plaintiffs often would communicate with the wrong personnel despite being advised to the contrary.

142.     Not following protocol and proper communication resulted in ripple effect of delays that in turn resulted in significant financial losses.

143.     Plaintiffs' unreasonable denials and delays caused the Defendant extensive losses, making it impossible to perform.

144.     Additionally, the licensing agreement is for a term of about three and one-half years ending on November 30, 2024. (ECF No. 20-1 - Pl. Exhibit A - LSA Prg. 1.a.).

145.     However, due to Plaintiffs and Ms. Unions delays in approval, the launch day for Fashion To Figure was delayed and did not occur until March of 2022, at the earliest as per Plaintiffs' admission.

146.     Plaintiffs' and Ms. Union's extensive delays and unreasonable conduct has caused the Defendants extensive loss of sales that could have been worth millions of dollars.

147.     Moreover, the Plaintiffs and Ms. Union failed to promote the Lord & Taylor website.

148.     The Plaintiffs, in the reply declaration of Gabrielle Union dated May 1, 2023, do not deny that Ms. Union did not meet its required monthly social posts at least with respect to Lord & Taylor.

149.     In violation of the LSA, the Plaintiffs and Ms. Union did not meet their required monthly social posts. (ECF No. 20-1 - Pl. Exhibit A).   The Plaintiffs, in the reply declaration of Gabrielle Union dated May 1, 2023, do not deny that Ms. Union did not meet its required monthly social posts.

150.     Once again, Lord & Taylor was one of only four websites listed on the licensing agreement. (ECF No. 20-1 - Pl. Exhibit A).

151.     Plaintiff's failures with respect to Fashion To Figure website and with respect to Lord & Taylor constitute two out of the four websites and constitute the major part and purpose of the LSA.

152.     Additionally, Plaintiffs and Ms. Union did not act in good faith with respect to the licensing agreement, further harming the financial wellbeing of the Defendant and making it difficult to operate.

153.     As an example, the Plaintiffs and Ms. Union would use manicurist, hair stylists, photographer and the like that charge exuberant fees, amounts that are unnecessary to achieve the objective.

154.     Plaintiffs were unwilling to cooperate or compromise to use alternative talent.

155.     Defendant spent hundreds of thousands of dollars on such exuberant service just to preserve the peace and the relationship with the Plaintiffs.

156.     Furthermore, the Plaintiffs and Ms. Union have made it difficult to conduct everyday business needed to carry out the purpose of the LSA.

157.     Plaintiffs and/or Ms. Union would refuse to work with certain individuals and would demand to work with certain type of individuals not based on their merit and unrelated to achieving the objective at hand.

158.     The Plaintiffs/Ms. Union's conduct disrupted the ability to carry on with business and was offensive. However, Defendant, once again, to preserve the peace and the relationship despite Plaintiffs/Ms. Union's unreasonable conduct, changed the make-up of the team to accommodate the Plaintiffs and Ms. Union, which was in of itself very disruptive to Defendant's business operations.

159.     Paragraph 3.b. of the LSA states,

> "All Collection Merchandise developed, manufactured and sold hereunder, and all labels, hangtags, packaging, catalogs, brochures, and similar materials related to the Collection Merchandise ("Collateral Materials"), shall be subject to Licensor approval as set forth below. In addition, all other Collateral Materials using the Artist Identification shall be subject to Licensor approval as set forth below." (ECF No. 20-1 - Pl. Exhibit A).

160.     Paragraph 10.b. of the LSA states,

> "Saadia alone shall retain and own all right, title and interest in and to the Collection Merchandise in each of the Collections, all Promoted Merchandise and to all related items (including but not

limited to all designs, sketches, branding, and logos used in connection with the Collection Merchandise, Collections, Promoted Merchandise, Ad/Promo Materials, Collateral Materials and PR Event Materials) regardless of whether the above-mentioned items are designed or developed by Saadia's internal designers or any third party designers (collectively, the "Materials")." (ECF No. 20-1 - Pl. Exhibit A).

161.    Paragraph 18.b.iv. states,

"Upon expiration or earlier termination of this Agreement:… For the avoidance of doubt, the expiration or earlier termination of this Agreement shall not in any event inhibit, restrict or otherwise affect Saadia's right and ability to design, manufacture, promote, market, advertise, offer for sale and/or sell any Promoted Merchandise during or following the Term; provided, Saadia will not use, display, exhibit or otherwise exploit any Materials containing Artist Identification during the Sell-Off Period except for Collateral Materials that are affixed to the Collection Merchandise and/or for its own internal (i.e., non-public), corporate record keeping." (ECF No. 20-1 - Pl. Exhibit A).

162.    It is noted that the opening language of paragraph 18.b, "Upon expiration or earlier termination of this Agreement:" followed by a full colon does not differentiate between "earlier termination" by Plaintiffs or by Defendants for cause or without cause. Therefore, the unrestricted earlier termination applies to Paragraph 18.b.iv of the LSA.

163.    In other words, it was agreed between the parties to the LSA that "Upon … earlier termination of the Agreement" the Defendant who owns "all right, title, and interest in and to" Materials (as defined in the LSA, paragraph 10.b.) which includes Collection Merchandise and Collateral Materials, the Defendant has six months to continue its use, display, exhibits or otherwise exploit "Collateral Material *that are affixed* to the Collection Merchandise" (ECF No. 20-1 - Pl. Exhibit A - LSA, Prg. 18.b.iv).

164.    For clarity purposes, only if the Collateral Material is "affixed" to the Collection Merchandise then may the Defendant exploit such as labels, hang tags, printed on, etc. If

the Collateral Material is not affixed, then Paragraph 18.b.ii. governs which would restrict such sales. In effect, Paragraph 18.b.iv creates an exception for Collection Merchandise that has affixed Collateral Material during the Sell-off period. Any other interpretation would effectively delete the explicit language "except for Collateral Materials that are affixed to the Collection Merchandise" with paragraph 18.b.iv. (ECF No. 20-1 - Pl. Exhibit A)

165.     The Goodwill and reputation of Plaintiffs and Ms. Union intellectual property will not be harmed by the sale of the referenced products since the Collection Merchandise are approved by the Plaintiff as per the licensing agreement. (ECF No. 20-1 - Pl. Exhibit A - LSA Prg. 2.b., 3.a., 3.c., 7).

166.     Plaintiff has already vetted the quality and design of the Collection Merchandise bearing the intellectual property.

167.     The GU mark was never placed on products and websites, the quality of which and the design of which, was not approved by the Plaintiff.

168.     GU's appearance on the websites and Collection Merchandise improves the goodwill of the mark and Artist-Identification as it increases the recognition of Plaintiffs' intellectual property.

169.     The Defendant has spent millions of dollars of marketing, which is beneficial to the Plaintiffs' intellectual property.

170.     The injunction is harmful to the Defendant and its ongoing business operations and causes the Defendant extensive damage to its finances and reputation.

171.     The injunction will cause millions of dollars in losses.

172.     The Defendant will be stuck with inventory worth millions of dollars.

173.     If an injunction is issued, the above will cause significant loss of employment.

174.     Plaintiff's intellectual property including the GU Mark has benefited from the exposure and recognition garnered from the millions of dollars spent marketing by the Defendant and its appearance on well-known websites such as Lord & Taylor and NY & Co.

175.     The Defendant will stand to lose millions of dollars by the injunction.

## FIRST AFFIRMATIVE DEFENSE

176.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein.

177.     The Complaint is barred, in whole or in part, by Plaintiff's breach and/or anticipatory breach.

## SECOND AFFIRMATIVE DEFENSE

178.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein.

179.     The Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted or for which the damages sought can be awarded.

## THIRD AFFIRMATIVE DEFENSE

180.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

181.     Plaintiffs' claims are barred, in whole or in part, by the License Agreement and Amendment to the License Agreement.

## FOURTH AFFIRMATIVE DEFENSE

182.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

183.     The Complaint is barred, in whole or in part, by the doctrines of accord, satisfaction, waiver, release, estoppel, ratification and/or consent.

## FIFTH AFFIRMATIVE DEFENSE

184.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

185.     The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

186.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

187.     The Complaint is barred, in whole or in part, on the basis that Plaintiff would be unjustly enriched if it is allowed to recover all or any of the damages alleged.

## SEVENTH AFFIRMATIVE DEFENSE

188.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

189.     The Complaint is barred, in whole or in part, by Plaintiff's own omissions, conduct and actions.

190.     As a result of their own acts or omissions, Plaintiffs are estoped in whole or in part, from obtaining the relief sought in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

191.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

192.     Plaintiffs have not suffered any cognizable injury or damages to their respective businesses or property by reason of any act of Defendant.

## NINTH AFFIRMATIVE DEFENSE

193.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

194.     The Complaint is barred, in whole or in part, by laches.

## TENTH AFFIRMATIVE DEFENSE

195.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

196.     Plaintiff's claims are barred, in whole or in part, as a matter of public policy.

## ELEVENTH AFFIRMATIVE DEFENSE

197.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

198.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to act in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

199.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

200.     The Complaint is barred, in whole or in part, to the extent that Plaintiff's injuries or damages, which injuries or damages are expressly denied, were not caused in fact or proximately caused by any act or omission by the herein answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

201.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

202.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of setoff.

### FOURTEENTH AFFIRMATIVE DEFENSE

203.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

204.     To the extent Plaintiff is entitled to any recovery on its claims, which the herein answering Defendant denies, such recovery is subject to set-off in favor of the herein answering Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

205.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

206.     The Complaint is barred, in whole or in part, due to Plaintiff's lack of standing to bring this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

207.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

208.     The Complaint is barred, in whole or in part, by the doctrine of intervening/superseding causes.

## SEVENTEENTH AFFIRMATIVE DEFENSE

209.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

210.     The Complaint is barred, in whole or in part, by the doctrine of justification. The conduct of the herein answering Defendant was legally justified.

## EIGHTEENTH AFFIRMATIVE DEFENSE

211.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein.

212.     The Complaint is barred, in whole or in part, because a third party(ies) owes contribution or indemnification for damages alleged to have been suffered by Plaintiff.

## NINTEENTH AFFIRMATIVE DEFENSE

213.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

214.     The Complaint is barred, in whole or in part, because the equities of the case do not favor the Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

215.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

216.     The Complaint is barred, in whole or in part, because Plaintiff failed to act in a commercially reasonable manner.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

217.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein.

218.     The Complaint is barred, in whole or in part, because the conduct and/or actions of the herein answering Defendant were made in good faith.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

219.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein.

220.     The Complaint is barred, in whole or in part, because the herein answering Defendant was not the proximate cause or legal cause of Plaintiff's injuries or damages, if any.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

221.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein.

222.     The Complaint is barred, in whole or in part, because the herein answering Defendant was excused from performing the terms of the applicable agreement and/or amendment(s) thereto due to Plaintiff's failure to perform.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

223.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

224.     The Complaint is barred, in whole or in part, because the herein answering Defendant was ready, willing and able to perform under the terms of the applicable

agreement and/or amendment(s) thereto, but Plaintiff prevented and frustrated such performance.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

225.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

226.     The Complaint is barred, in whole or in part, because Plaintiff's claims are barred by the parol evidence rule.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

227.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein

228.     The Complaint is barred, in whole or in part, because the herein answering Defendant's conduct was justified due to Plaintiff's default.

### COUNTERCLAIMS AGAINST PLAINTIFFS

### FIRST COUNTERCLAIM AGAINST PLAINTIFFS

### (Breach Of Contract)

229.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein.

230.     The Plaintiff Flawless Style LLC and Saadia Group LLC entered into a License And Spokesperson Agreement dated June 1, 2021 ("LSA" or "Licensing Agreement")

231.     As per the licensing agreement, the products to be sold had to be approved by Licensor, which may not be unreasonably withheld, conditioned or delayed.

232.     However, in contravention of the LSA, Plaintiffs and Ms. Union would continuously and unjustifiably delay giving such approvals and consistently make unreasonable denials and unreasonable modifications. Plaintiffs did not act in good faith.

233.     When the LSA envisioned the turnaround for approval to be about 3 days, the Plaintiffs and Ms. Union in contravention of the LSA caused months upon months of delays.

234.     Plaintiffs' unjustifiable delays and conduct negatively impacted production, pricing and delivery.

235.     Plaintiffs' failures also caused the launching of Fashion-To-Figure site scheduled for fall of 2021 to be scrapped and be delayed until March of 2022, at the earliest as per Plaintiffs' admission.

236.     Fashion-To-Figure is one of only four websites listed in the licensing agreement and thus Plaintiffs conduct was a material breach of the LSA.

237.     Plaintiffs failed to communicate and made it difficult to build a successful team. Plaintiffs acted in bad faith and in contravention of the LSA.

238.     Not following protocol and proper communication resulted in ripple effect of delays that in turn resulted in significant financial losses.

239.     Plaintiffs' unreasonable denials and delays caused the Defendant extensive losses.

240.     Plaintiffs' and Ms. Union's extensive delays and unreasonable conduct has caused the Defendants extensive loss of sales that could have been worth millions of dollars.

241.     the Plaintiffs and Ms. Union failed to promote the Lord & Taylor website.

242.     In violation of the LSA, the Plaintiffs and Ms. Union did not meet their required monthly social posts. (ECF No. 20-1 - Pl. Exhibit A).

243.     Once again, Lord & Taylor was one of only four websites listed on the licensing agreement. (ECF No. 20-1 - Pl. Exhibit A).

244.     Plaintiff's failures with respect to Fashion To Figure website and with respect to Lord & Taylor constitute two out of the four websites and constitute the major part and purpose of the LSA.

245.     Plaintiffs failures are in breach of the LSA.

246.     Plaintiffs breaches has caused extensive losses to Defendant.

247.     Plaintiffs breaches are the proximate cause of Defendant's damages.

248.     By reason of the foregoing, the Defendant has been damaged and is entitled to judgment against Plaintiffs in an amount to be determined at trial, plus interest, costs and attorneys' fees.


## SECOND COUNTERCLAIM AGAINST ALL PLAINTIFFS

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

249.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein.

250.     As alleged above in detail, each of the Plaintiffs breached their obligations under the LSA.

251.     As alleged above in detail, each of the Plaintiffs failed to perform its duties toward the Defendant.

252.     As alleged above in detail, each of the Plaintiffs failed to act in good faith and fair dealing.

253.     Plaintiffs' conduct and omissions constitutes breach of Implied Covenant of Good

Faith and Fair Dealing.

254.     Plaintiffs breaches have caused extensive losses to Defendant.

255.     Plaintiffs breaches are the proximate cause of Defendant's damages.

256.     By reason of the foregoing, the Defendant has been damaged and is entitled to

judgment against Plaintiffs in an amount to be determined at trial, plus interest, costs and

attorneys' fees.

### THIRD COUNTERCLAIM AGAINST ALL PLAINTIFFS

### (Indemnification)

257.     Defendant repeats and realleges each and every answer in all proceeding paragraphs

and the above factual allegations as if fully set forth herein.

258.     As alleged above in detail, each of the Plaintiffs breached their obligations under

the LSA.

259.     As alleged above in detail, each of the Plaintiffs failed to perform its duties toward

the Defendant.

260.     As alleged above in detail, each of the Plaintiffs failed to act in good faith and fair

dealing.

261.     As a result of Flawless Style LLC's conduct and omissions complained of, Florida

Husker, LLC commenced an action against the Defendant for various claims including

breach of contract and trademark infringement claims.

262.     If Defendant is found liable to Florida Husker, LLC for damages, it is due to

Flawless Style LLC's conduct and omissions complained of above. Therefore, Flawless

Style LLC should indemnify Defendant for any damages assessed against the Defendant along with attorney fees and cost suffered as a result of having to defend the action.

263.     As a result of Florida Husker, LLC's conduct and omissions complained off, Flawless Style, LLC's commenced an action against the Defendant for various claims including breach of contract and trademark infringement claims.

264.     If Defendant is found liable to Flawless Style, LLC for damages, it is due to Florida Husker, LLC's conduct and omissions complained of above. Therefore, Florida Husker, LLC should indemnify Defendant for any damages assessed against the Defendant along with attorney fees and cost suffered as a result of having to defend the action.


## FOURTH COUNTERCLAIM AGAINST ALL PLAINTIFFS

### (Declaratory Judgment of No Infringement – 15 U.S.C. Section 1114 & 11125(a))

265.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein.

266.     As alleged above in detail, each of the Plaintiffs breached their obligations under the LSA.

267.     As alleged above in detail, each of the Plaintiffs failed to perform its duties toward the Defendant.

268.     As alleged above in detail, each of the Plaintiffs failed to act in good faith and fair dealing.

269.     Therefore, the alleged termination of the LSA is due to the conduct and fault of the Plaintiffs and the Artist Gabrielle Union ("Ms. Union" or "Artist").

270.     As a result, the Plaintiffs were not entitled to terminate the LSA.

271.     Accordingly, To resolve the legal and factual questions raised by the Plaintiffs and to afford relief from the uncertainty which has precipitated, Defendant is entitled to issuance of an order stating its rights pursuant to 28 U.S.C. §§ 2201–02 that the LSA is not terminated, that the LSA continues to be in full force and effect, that the Defendant has not infringed upon Plaintiffs' alleged intellectual property rights, and that the Defendant may perform and reap the benefits promised to it under the LSA.

## JURY DEMAND

272.     Defendant repeats and realleges each and every answer in all proceeding paragraphs and the above factual allegations as if fully set forth herein.

273.     Defendant hereby demands a jury trial on all claims.

**WHEREFORE**, Defendant demands judgment:

1. Dismissing Plaintiffs' complaint in its entirety including causes of action one through six as against the herein answering Defendant with prejudice, together with costs, disbursements and attorneys' fees; and

2. Granting answering Defendant First Counterclaim against each of the Plaintiffs jointly and severally, a judgment in an amount to be determined at trial, together with costs, disbursements and attorneys' fees; and

3. Granting answering Defendant Second Counterclaim against each of the Plaintiffs jointly and severally, a judgment in an amount to be determined at trial, together with costs, disbursements and attorneys' fees; and

4. Granting answering Defendant Third Counterclaim against each of the Plaintiffs jointly and severally, a judgment in an amount to be determined at trial and any Judgment or settlement that may be procured against the Defendant and to indemnify the Defendant for any judgment that may be procured against the Defendant, for all losses suffered, plus interest, costs and attorneys' fees; and

5. Granting answering Defendant Fourth Counterclaim against each of the Plaintiffs jointly and severally, a judgement declaring its rights pursuant to 28 U.S.C. §§ 2201–02 that the LSA is not terminated, that the LSA continues to be in full force and effect, that the Defendant has not infringed upon Plaintiffs' alleged intellectual property rights,

and that the Defendant may perform and reap the benefits promised to it under the LSA; and

6. Granting such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         May 15, 2023

         Shapiro & Associates, Attorneys At Law, PLLC

         _____/S/_____
By:      Miro Lati Esq.
         *Attorneys for Defendant*
         *Saadia Group LLC,*
         2291 Seventh Avenue
         New York, New York 10030
         (212) 606-2000
         Miro@Shapirolawyers.net

To:      Attorneys of Record (by ECF)