UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
FLAWLESS STYLE LLC AND FLORIDA HUSKER, LLC

                                                                    Case No. 23-cv-02354 (JHR)

                            Plaintiffs,

v.

SAADIA GROUP LLC,
                            Defendants

-----------------------------------------------------------------------------x

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR CONTEMPT AND SANCTIONS AND IN SUPPORT OF CROSS MOTION FOR SANCTIONS

 

Shapiro & Associates, Attorneys At Law, PLLC
Saadia M. Shapiro Esq.
*Attorneys for Defendant*
*Saadia Group LLC,*
2291 Seventh Avenue
New York, New York 10030
(212) 606-2000

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF RELEVANT FACTS .................................................................................. 1

ARGUMENTS ........................................................................................................................... 1

    I.    THE STANDARD TO HOLD A PARTY IN CONTEMPT IS HIGH ............................... 1

    II.    PLAINTIFFS HAVE NOT SUBMITTED CLEAR AND CONVINCING PROOF OF NONCOMPLIANCE .................................................................................................................... 2

    III.    DEFENDANTS ENGAGED IN DILIGENT ATTEMPT TO COMPLY IN A REASONABLE MATTER ............................................................................................................. 8

    IV.    AWARDING SANCTIONS, ATTORNEYS FEES, INVESTIGATIVE FEES, DAMAGES, AND COSTS AGAINST DEFENDANT IS INAPPROPRIATE ......................... 9

    V.    DEFENDANT'S SHOULD BE AWARDDED LEGAL FEES COSTS AND SANCTIONS FOR THE UNNECESSARY FILINGS OF PLANTIFF'S MOTION FOR CONTEMPT ................................................................................................................................. 10

CONCLUSION ........................................................................................................................ 11

## **TABLE OF AUTHORITIES**

**CASES**

*A.V. by Versace v. Gianni Versace, S.p.A.,* 87 F.Supp.2d 281, 288; *Jeri–Jo Knitwear, Inc. v. Club Italia, Inc.,* 94 F.Supp.2d 457, 458 (S.D.N.Y.2000) .................................................................. 6

*Bear U.S.A. v. Kim,* 71 F.Supp.2d 237, 249 (S.D.N.Y.1999). ....................................................... 14

*BeautyBank, Inc. v. Harvey Prince LLP*, 811 F. Supp. 2d 949, 956 (S.D.N.Y. 2011) .................... 9

CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98 (2d Cir. 2016)....................................... 13

*CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98 (2d Cir. 2016,* .......................................... 6

CBS Broad. Inc. v. FilmOn.com, Inc., *814 F.3d 91, 98 (2d Cir. 2016,* United States v. Local 1804–1, Int'l Longshoremen's Ass'n, 44 F.3d 1091, 1096 (2d Cir.1995) .................................... 6

CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 99–100 (2d Cir. 2016)................................ 13

*Ceslik v. Miller Ford, Inc.*, 2006 WL 1582215, at *1 (D. Conn. June 5, 2006) .............................. 9

Chere Amie, Inc. v. Windstar Apparel, Corp., 175 F. Supp. 2d 562, 567 (S.D.N.Y. 2001) ......... 14

*City of New York v. Local 28, Sheet Metal Workers' Int'l Ass'n,* 170 F.3d 279, 282 (2d Cir. 1999) ................................................................................................................................................. 9

Disney Enterprises, Inc. v. Sarelli, 322 F. Supp. 3d 413, 443 (S.D.N.Y. 2018)............................. 9

Foster v. Lee, 93 F. Supp. 3d 223, 232 (S.D.N.Y. 2015)................................................................ 9

*Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc.,* 341 F.2d 101, 102 (2d Cir.1965)......... 6

Heritage of Pride, Inc. v. Matinee NYC Inc., No. 14 CIV. 4165 CM, 2014 WL 3703871, at *1 (S.D.N.Y. July 23, 2014) ......................................................................................................... 11

*Jeri–Jo Knitwear, Inc. v. Club Italia, Inc.,* 94 F.Supp.2d 457, 458 (S.D.N.Y.2000) ...................... 6

Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC, No. 16CV1318GBDBCM, 2017 WL 5067500, at *9 (S.D.N.Y. Sept. 27, 2017) ................................................................ 9

King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995) .................................................. 11

*Latino Officers Ass'n City of N.Y., Inc. v. City of New York*, 558 F.3d 159, 164 (2d Cir. 2009).... 9

LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A., 209 F. Supp. 3d 612, 665 n.75 (S.D.N.Y. 2016), aff'd, 720 F. App'x 24 (2d Cir. 2017) ................................................................................ 8

*New York State Nat'l Org. For Women v. Terry,* 886 F.2d 1339, 1351 (2d Cir.1989) ................... 6

Novak v. Tucows, Inc., 330 F. App'x 204, 206 (2d Cir. 2009) ..................................................... 12

*Paramedics Electromedicina Comercial, Ltd. v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 655 (2d Cir.2004) ........................................................................................................................ 6

*Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)..... 13

*United States v. Bukowski,* 435 F.2d 1094, 1105-06 (7th Cir. 1970).............................................. 9

*United States v. Local 1804–1, Int'l Longshoremen's Ass'n,* 44 F.3d 1091, 1096 (2d Cir.1995) ... 6

Warner Recs. Inc. v. Charter Commc'ns, Inc., No. 19-CV-00874-RBJ-MEH, 2022 WL 1500780, at *6 (D. Colo. May 12, 2022)................................................................................................... 8

**PRELIMINARY STATEMENT**

The Moving Plaintiffs should not be granted their motion for contempt and sanctions. Defendant respectfully moves for sanctions, fees, and costs pursuant to FRCP Rule 11(b) and 11(c)(1) due to Plaintiffs' filing a needless and costly motion.

Plaintiffs have not made a *prima facie* case for contempt and sanctions. Plaintiffs have failed to submit admissible proof of alleged noncompliance of the Temporary Restraining Order dated April 21, 2023 (ECF No. 31) ("TRO") and Opinion and Order dated May 26, 2023 (ECF No. 52) ("Preliminary Injunction"). Moreover, Defendants have diligently attempted to comply in a reasonable manner.

Plaintiffs' motion for contempt and sanctions is the first notice and request of its kind in this case despite their attempt to portray repeated willful pattern of noncompliance.

**STATEMENT OF RELEVANT FACTS**

Defendant refers the Court to the accompanying Declarations of Saadia M. Shapiro, Esq.,[1] Jackie Huang and Jack Saadia of the Saadia Group for a recitation of the relevant facts.

**ARGUMENTS**

**I.      THE STANDARD TO HOLD A PARTY IN CONTEMPT IS HIGH**

A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner. *Paramedics Electromedicina Comercial,*

---

[1] Counsel for Defendant's first name is Saadia. Jack Saadia is Vice President of Defendant Saadia Group. The first and last name being the same is strictly a coincidence.

*Ltd. v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 655 (2d Cir.2004), *CBS Broad. Inc. v. FilmOn.com, Inc.,* 814 F.3d 91, 98 (2d Cir. 2016, *United States v. Local 1804–1, Int'l Longshoremen's Ass'n,* 44 F.3d 1091, 1096 (2d Cir.1995), *A.V. by Versace v. Gianni Versace, S.p.A.,* 87 F.Supp.2d 281, 288; *Jeri–Jo Knitwear, Inc. v. Club Italia, Inc.,* 94 F.Supp.2d 457, 458 (S.D.N.Y.2000), *A.V. by Versace v. Gianni Versace, S.p.A.,* 87 F.Supp.2d 281, 288; *Jeri–Jo Knitwear, Inc. v. Club Italia, Inc.,* 94 F.Supp.2d 457, 458 (S.D.N.Y.2000), *McCarthy on Trademarks and Unfair Competition* § 30:22, at 43 (4th ed. 1999)

Because a contempt order is a severe sanction, it is subject to the higher "clear and convincing" evidence standard rather than the usual preponderance of the evidence standard applicable to other civil cases. *New York State Nat'l Org. For Women v. Terry,* 886 F.2d 1339, 1351 (2d Cir.1989); *Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc.,* 341 F.2d 101, 102 (2d Cir.1965); *Bear U.S.A., Inc. v. Kim,* 71 F.Supp.2d 237, 246 (S.D.N.Y.1999), *Jeri–Jo Knitwear, Inc. v. Club Italia, Inc.,* 94 F.Supp.2d 457, 458 (S.D.N.Y.2000).

Defendant submits that Plaintiffs have not met their burden. In this Memorandum of Law, Defendant's position is that Plaintiffs fail to meet the second and third prong of the three-part test - Plaintiffs have not submitted proper proof of noncompliance and Defendant has demonstrated its diligent attempt to comply in a reasonable manner.

## II. **PLANTIFFS HAVE NOT SUBMITTED CLEAR AND CONVINCING PROOF OF NONCOMPLIANCE**

In support of their motion, Plaintiffs submit the Declaration of Mattew Barkan with annexed Exhibit A containing 52 pages of screenshots, Exhibit B containing 79 pages of

screenshots. Additionally in paragraph 12, Barkan inserts another screenshot page from a Google search. (Barkan Decl.)

The defendant's position is that not one of Barkan's screenshots is admissible. The screenshots have not been properly authenticated because he does not specify he took them or who took them, there are no dates on the screenshots and some of the dates pre-date the TRO at hand. Really Good Stuff, LLC v. BAP Invs., L.C., No. 19CIV2218LLSGWG, 2021 WL 2469707, at *3 (S.D.N.Y. June 17, 2021)("Really Good Stuff").

As an example, Barkan states "[a]nnexed here as Exhibit A is a true and correct copy of screenshots of Saadia's use of Ms. Union's name…" However, he does not say WHO took them. What's more the screenshot itself does not indicate who took them and when it was taken as there are no dates on them. In fact, two of the screenshots in Exhibit B have dates that PRE-DATE the TRO alleged to have been violated. (See Barkan Decl. Exhibit B, p. 68, and Exhibit B, p. 78). The screenshots depict customer reviews dated December 15, 2021, and January 29, 2022, which are before the TRO dated April 21, 2023.

Likewise, paragraph 12 of Barkan's declaration states: "[a] google search of 'Gabrielle Union Dresses' returns, as its first result, the New York and Company website: [screenshot omitted]". (Barkan Decl. ¶12). Notably absent is a proper foundation of who performed the search. If he took the screenshot, he does not state so, or if it was not him, he does not identify who did. Moreover, the screenshot itself contains no date so that it is impossible for the Court to verify that the screenshot was indeed captured on the date he states.

Barkan elaborates "[t]he above screenshot was captured on December 6, 2023. (*Id*). But using the passive tense does not help the Court ascertain who captured it. Also in paragraph 11,

3

Barkan states in the passive tense again that "the screenshots in Exhibit B were captured" leaving it unclear by whom.

In such instances, this Court has rejected evidence where the screenshots are unclear as to who took them.  Evidence was found inadmissible in a contempt case when Plaintiff **failed to supply any testimony from a person with personal knowledge as to the accuracy of these screenshots.** See generally LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A., 209 F. Supp. 3d 612, 665 n.75 (S.D.N.Y. 2016), aff'd, 720 F. App'x 24 (2d Cir. 2017).

The Court in Really Good Stuff detailed the problems with inadequate screenshots that were not authenticated.  The Court held the evidence failed to explain how he knows this or whether he personally took those screenshots. The Court stated that it therefore cannot be sure if [he] even had the relevant knowledge to attest to the accuracy of these screenshots.  Really Good Stuff, LLC v. BAP Invs., L.C., No. 19CIV2218LLSGWG, 2021 WL 2469707, at *4.[2]

Even if the Court were to assume Barkan took the screenshots, the screenshots themselves bear no dates or indication as to when they were taken.  Therefore, the Court has no clear and convincing proof of the time of the alleged noncompliance.  As stated, at least two of the screenshots contain dates from before the time the TRO was issued.

The Second Circuit has held repeatedly that movant bears the burden of producing the required "clear and convincing" evidence. *BeautyBank, Inc. v. Harvey Prince LLP*, 811 F. Supp. 2d 949, 956 (S.D.N.Y. 2011) (citing *City of New York v. Local 28, Sheet Metal Workers' Int'l Ass'n*, 170 F.3d 279, 282 (2d Cir. 1999)); *see also Latino Officers Ass'n City of N.Y., Inc. v. City of New York*, 558 F.3d 159, 164 (2d Cir. 2009).

---

[2] Really Good Stuff has been followed recently by a Colorado court. Warner Recs. Inc. v. Charter Commc'ns, Inc., No. 19-CV-00874-RBJ-MEH, 2022 WL 1500780, at *6 (D. Colo. May 12, 2022).

Evidence that would not be admissible under established federal rules regarding the competency of evidence at trial may not be considered on a motion for contempt. *Ceslik v. Miller Ford, Inc.*, 2006 WL 1582215, at *1 (D. Conn. June 5, 2006) (citing *United States v. Bukowski,* 435 F.2d 1094, 1105-06 (7th Cir. 1970), and 17 C.J.S. *Contempt* § 89).  Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC, No. 16CV1318GBDBCM, 2017 WL 5067500, at *9 (S.D.N.Y. Sept. 27, 2017)

Consistently, courts have rejected evidence when the only evidence submitted were screenshots attached to an attorney declaration. See Disney Enterprises, Inc. v. Sarelli, 322 F. Supp. 3d 413, 443 (S.D.N.Y. 2018), reconsideration denied, 2018 WL 5019745 (S.D.N.Y. Sept. 26, 2018); see also Foster v. Lee, 93 F. Supp. 3d 223, 232 (S.D.N.Y. 2015)

Similarly, the Court will notice that the screenshots annexed as Exhibit A and Exhibit B of the Declaration of Maxine Kaplan are not any better.  Like Barkan, she does not state WHO took them.  The actual screenshots do not contain dates.  Moreover, screenshots of the purchase order that she declares she placed and received have no date.  (Kaplan Decl. Exhibit B, p. 2).  For some reason, even the email address of the person who allegedly ordered the products is redacted so we cannot confirm it was Ms. Kaplan who placed the Order.  There is no actual email confirmation of the purchase Order submitted with Kaplan's Declaration.

Defendant respectfully draws the Court's attention to other problems in Kaplan's Declaration.  She states she was instructed to go shopping on New York & Company Closet website by Plaintiffs' counsel and that her work was performed **under the supervision of a company "no longer in operation**." (Decl. of Kaplan, fn1).  She provides no credentials or qualifications to act as a trademark infringement or ecommerce investigator.  If her work had to

be supervised and there is no supervisor testimony, this Court clearly cannot assess the quality of her evidence.

Even though she declares herself a private investigator, notably absent in Kaplan's declaration is an explanation of what New York & Company Closet is. She omits the material fact that Closet is a site for RECYCLED clothing and apparel. There are no new items sold on the website. Closet is primarily a subscription-based platform where used clothing is rented out, sold at a discount to subscribers or sold outright to guests. There are no new Collections sold on it. (Decl. Jack Saadia).

The TRO at hand specifically names three (3) websites, however, New York & Company Closet is not one of those listed. (ECF No. 31 ¶3(a)). Moreover, the TRO specifically requires removal of all references on which "Collection Merchandise is sold." It is unclear as to whether a website platform that recycles, rents, and gives option to purchase *used* items is subjected to the Order. Nonetheless, Jack Saadia declares that he has ensured all the items appended to Kaplan and Barkan's screenshots have no references to Gabrielle Union. Declaration of Jackie Huang of defense counsel's office also confirms that he saw no references to Gabrielle Union. He further states he went through each screenshot attached to Plaintiffs' declarations. (Huang Decl.).

Jack Saadia explains that perhaps a few errant pieces are returned and the warehouse personnel on duty may just have been unaware to remove the label before restocking. As soon as any Gabrielle Union label is discovered, he has directed they be immediately removed. (Saadia Decl.).

If Defendant inadvertently had some residual errant pieces from Ms. Union's former collection in the warehouse, recycled, rented out or that were returned, that were not caught by Defendant employees, it would not constitute willful conduct. Courts in the Second Circuit have

held that *perfect compliance* is not required; *substantial compliance* will defeat a motion for contempt of court. Heritage of Pride, Inc. v. Matinee NYC Inc., No. 14 CIV. 4165 CM, 2014 WL 3703871, at *1 (S.D.N.Y. July 23, 2014).

To illustrate and put into perspective the alleged nonconformity that Plaintiffs would have this Court punish Defendant for: there were 678 Gabrielle Union styles, 5,243 SKUs. Plaintiffs' motion, without proper admissible proof, alleges 49 pieces as noncompliant. For Plaintiffs to prevail on its contempt motion, it would have to meet all three of the three-part tests. While Defendants do not address the clarity of the TRO in this Opposition, Plaintiffs fail to provide proper proof and fail to show Defendants have not attempted to comply. Indeed, Plaintiffs did not even notify Defendant of any misconduct before filing this Contempt motion.

The Second Circuit has recognized that a contempt order is a "potent weapon to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995). Here, the Court has no proper admissible proof to consider this motion for contempt because Defendants have appended almost 150 screenshots that are not properly authenticated.

All three elements must be met before contempt sanctions may be imposed. *King*, 65 F.3d at 1058; *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989). Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC, No. 16CV1318GBDBCM, 2017 WL 5067500, at *8 (S.D.N.Y. Sept. 27, 2017).

Defendants provide this Court with a legion of cases where the Second Circuit courts exercises restraint in granting contempt motions in cases like this one. Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC, No. 16CV1318GBDBCM, 2017 WL 5067500, at *15 (S.D.N.Y. Sept. 27, 2017), Ceslik v. Miller Ford, Inc., No. 3:04CV2045 (AWT), 2006 WL

7

1582215, at *2 (D. Conn. June 5, 2006), Really Good Stuff, LLC v. BAP Invs., L.C., No. 19CIV2218LLSGWG, 2021 WL 2469707 (S.D.N.Y. June 17, 2021), Novak v. Tucows, Inc., 330 F. App'x 204, 206 (2d Cir. 2009).

### III. DEFENDANTS ENGAGED IN DILIGENT ATTEMPT TO COMPLY IN A REASONABLE MATTER

Plaintiffs have not willfully continued to use Ms. Union's name on their site or on their apparel. (Saadia Decl. ¶). In fact, had Plaintiffs' counsel contacted Defense counsel, it could have avoided the instant motion practice. (Shapiro Decl.).

The contempt power serves to "protect the due and orderly administration of justice and to maintain the authority and dignity of the court." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 98 (2d Cir. 2016). Here, Plaintiffs ran to Court for sanctions without even a good faith call to defense counsel to attempt at remedy. (Decl. of S. Shapiro). Defendant's position is that that it made all reasonable effort to comply. This Court should not join Plaintiffs who would have this Court castrate Defendants' business by applying the TRO beyond its plain meaning.

As illustrated in the accompanying Declaration of Jack Saadia, and Jackie Huang, they diligently and expeditiously reviewed each and every exhibit submitted with the motion and ensured compliance with the TRO. Defendants intended to comply, did not willfully disobey the TRO and therefore Plaintiffs cannot meet its burden of showing that there was any willful misconduct.

Unlike in cases where sanctions are appropriate, in this case, the first Defendant learned of a potential noncompliance with the TRO was through this motion for sanctions. Admittedly,

8

Plaintiffs declare that no previous application was made.  Cases such as this are distinguishable from others where there are repeated and willful violations. CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91, 99–100 (2d Cir. 2016).

It is unsurprising that the statement "Plaintiffs have not previously sought similar relief" is buried in Mr. Barkan's declaration, rather than clearly indicated.  Defendants submit that the entire plaintiffs' motion is an attempt at a "gotcha" moment and using the Court to garner a financial windfall.

Defendant was alerted for the first time, by surprise filing of this motion for contempt that there may be errant articles that are noncompliant.  (Decl. Jack Saadia).  Defendants believe this motion was contrived to be an ambush, as evidenced by Plaintiffs' counsel showing no desire to hear about Defendant's immediate remediation upon learning of the possible errant listings. (Decl. Saadia Shapiro).

### IV.     **AWARDING SANCTIONS, ATTORNEYS FEES, INVESTIGATIVE FEES, DAMAGES, AND COSTS AGAINST DEFENDANT IS INAPPROPRIATE**

Defendants argue that since Plaintiffs have not made a prima facie case of contempt, this Court should not award sanctions.  Consequently, all other damages and fees Plaintiffs request is also inappropriate.  District Courts can only award reasonable attorney's fees if the "contemnor had actual notice of the Court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply." *Bear U.S.A. v. Kim,* 71 F.Supp.2d 237, 249 (S.D.N.Y.1999). A first-time application for contempt has been made in this case and Plaintiffs have not submitted admissible proof of noncompliance.  Chere Amie, Inc. v. Windstar Apparel, Corp., 175 F. Supp. 2d 562, 567 (S.D.N.Y. 2001)

9

# V.     DEFENDANT'S SHOULD BE AWARDED LEGAL FEES COSTS AND SANCTIONS FOR THE UNNECESSARY FILINGS OF PLANTIFF'S MOTION FOR CONTEMPT

> FRCP Rule 11 states: **(b)** Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> **it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation**.

In this case, Plaintiffs made no effort to notify of any noncompliance with the TRO. (Decl. Saadia Shapiro). There is no letter, no email, no telephone call to alert Defendant that they had found allegedly noncompliant listings. Instead, they claimed to have hired an "investigator" who was supervisesd by a now defunct company to embark on a shopping trip. Plaintiffs created needless litigation and investigative expenses. Had Plaintiffs contacted defense counsel, Defendant could have certainly saved them the expense of spending time googling and purchasing items to set up for a contempt motion.

This Court has power and discretion to award sanctions in cases such as this.

> Fed. R. Civ. P. 11
> **Sanctions.**
> **(1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
> **(3)** *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

10

**(4)** *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

## CONCLUSION

The Moving Plaintiff is not entitled to an Order of Contempt and Sanctions and it is Defendant who should be awarded sanctions for this needless motion and expenses. Therefore, Plaintiffs' motion should be denied in its entirety.

December 21, 2023
Dated: New York, New York

Shapiro & Associates, Attorneys At Law, PLLC

　　　　　/S/
By:　Saadia M. Shapiro Esq.
*Attorneys for Defendant*
*Saadia Group LLC,*
2291 Seventh Avenue
New York, New York 10030
(212) 606-2000


To:　Attorneys of Record (by ECF)

11