UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLAWLESS STYLE LLC, and FLORIDAHUSKER LLC,<br><br>         Plaintiffs,<br><br> -against-<br><br>SAADIA GROUP LLC,<br><br>         Defendant. | No. 1:23-cv-2354-JHR-JW<br><br>**NOTICE OF MOTION FOR DEFAULT JUDGMENT** |

**PLEASE TAKE NOTICE** that pursuant to Rule 55 of the Federal Rules of Civil Procedure, and upon the Declaration of Gabrielle Monique Union-Wade dated August 1, 2024 and the exhibits annexed thereto, the Declaration of Brad D. Rose dated August 5, 2024 and the exhibits annexed thereto, the accompanying Memorandum of Law in Support of Default Judgment, and upon all prior pleadings and proceedings had herein, Plaintiffs Flawless Style LLC ("Licensor") and FloridaHusker LLC ("Husker", and with Licensor, "Plaintiffs") move this Court for the entry of the following orders:

(i)   Defendant Saadia Group LLC ("Saadia") is in default with respect to the First Amended Complaint (ECF No. 11), Plaintiffs' Motion to Dismiss Counterclaims and Strike Affirmative Defenses (*see* ECF Nos. 54-55, 61) and Plaintiffs' Motion for Sanctions (*see* ECF Nos. 62-67, 74-75);

(ii)   As Saadia is in default, all allegations, claims and arguments presented in the First Amended Complaint (ECF No. 11), Plaintiffs' Motion to Dismiss Counterclaims and Strike Affirmative Defenses (*see* ECF Nos. 54-55, 61) and Plaintiffs' Motion for Sanctions (*see* ECF Nos. 62-67, 74-75) are deemed admitted by Saadia;

1

(iii) With respect to the Fourth to Sixth Causes of Action in Plaintiffs' First Amended Complaint (*see* ECF No. 11), Plaintiffs are awarded specific performance (to pay the outstanding amounts due and owing to the Personnel, the Creative Consultant, and Licensor's social media team) and the permanent injunctive relief set forth therein. (ECF No. 11 at pp. 20-21.);

(iv) With respect to Plaintiffs' Motion to Dismiss Counterclaims and Strike Affirmative Defenses (*see* ECF Nos. 54-55, 61), (i) the Counterclaims in the Answer are dismissed in their entirety with prejudice pursuant to Rule 12(b)(6) and (ii) the Affirmative Defenses in the Answer are stricken with prejudice;

(v) With respect to Plaintiffs' Motion for Sanctions (*see* ECF Nos. 62-67, 74-75), (i) Saadia is in contempt of the temporary restraining order and/or the preliminary injunction ordered by this Court, (ii) Saadia is to pay the coercive fine set out in the Paragraph 2(a) of the Order to Show Cause, and (iii) Saadia is to perform the acts pleaded in Paragraphs 2(d) to 2(h) of the Order to Show Cause. (ECF No. 66 at pp. 1-2.);

(vi) Damages to be paid by Saadia to Plaintiffs under the Agreement and as pleaded in the Amended Complaint (ECF No. 11 ¶¶ 64-66, 71-73, 84-88), and as set out in the Union-Wade Declaration, in the total amount of $1,640,717.69 including 12% interest applicable under the Agreement;[1]

(vii) Attorneys' fees and costs to be paid by Saadia to Plaintiffs as pleaded in the Amended Complaint (ECF No. 11 ¶¶ 93, 104), and as set out in the Union-Wade

---

[1] In the event that Saadia's default is set aside by this Court, or that Plaintiffs' Motion for Default Judgment is denied, Plaintiffs' reserve all rights and waive none with respect to the relief claimed in the Amended Complaint (ECF No. 11 at pp. 20-21) and the Order to Show Cause (ECF No. 66 at pp. 1-2), including without limitation for all available monetary relief under the Lanham Act as well as any further and associated attorneys' fees and costs incurred by Plaintiffs.

Declaration and Rose Declaration, in the amount of $558,964.97; and

(viii)  For such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 5, 2024

**PRYOR CASHMAN LLP**

By: _____
Brad D. Rose, Esq.
Matthew S. Barkan, Esq.
Felicity Kohn, Esq.
Daniel J. Pohlman, Esq.
Nicholas Saady, Esq.
7 Times Square
New York, New York  10036-6569
(212) 421-4100

*Attorneys for Plaintiffs Flawless Style LLC and FloridaHusker LLC*