UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

FLAWLESS STYLE LLC and
FLORIDAHUSKER LLC,

        Plaintiffs,

 -v-                                                         No.  23-CV-2354-LTS

SAADIA GROUP LLC,

        Defendant.

-------------------------------------------------------x

## Permanent Injunction

Upon the motion of Plaintiffs Flawless Style, LLC and Florida Husker, LLC, dated August 5, 2024 (docket entry no. 86); all exhibits attached thereto; and the accompanying memorandum of law, and for the reasons set forth in the Court's September 29, 2025, Memorandum Opinion and Order (docket entry no. 99):

IT IS HEREBY ORDERED that Defendant, its subsidiaries, partners, members, affiliates, officers, agents, servants, attorneys, employees and those in active concert or participation with them or any of them who receive actual notice of this stipulation and Order are hereby restrained and permanently enjoined from:

1. any further use of Plaintiffs' intellectual property, including in whole or in part the trademark "GABRIELLE UNION," or any other mark, word, name or symbol confusingly similar to the GABRIELLE UNION mark which is likely to cause confusion, mistake or to deceive in connection with any merchandise, goods, or services;

2. continuing the acts of unfair competition complained of in the First Amended Complaint (ECF No. 11), including but not limited to any use of the name "Gabrielle Union" or any other conduct that falsely suggests an ongoing association between Plaintiffs or their goods, on the one hand, and Defendants and its goods, on the other;

3. manufacturing, distributing or selling any Collection Merchandise, as defined in that certain License and Spokesperson Agreement effective as of June 1, 2021 between Flawless Style LLC and Saadia Group LLC (the "License Agreement"), except as set forth further below.

IT IS HEREBY FURTHER ORDERED that, to the extent it has not already done so, Defendant shall immediately comply with instructions (1) through (3) above and shall remove all references to Plaintiffs' intellectual property from any website on which Collection Merchandise is sold.

IT IS HEREBY FURTHER ORDERED that, subject to and following the removal of all references to Plaintiffs' intellectual property from any website on which Collection Merchandise is sold, Defendant may thereafter sell items comprising Collection Merchandise if, and only if, Defendant first removes all Artist Identification (as defined in the License Agreement) from such items as follows:

1. With respect to items with sewn-in labels and tags, hang tags, other labels or tags, packaging and/or any other device utilized on or in connection with the Collection Merchandise and bearing the Artist Identification, such labels, tags packaging and/or devices must be fully removed.

2. With respect to footwear and any other Collection Merchandise on which Artist Identification is embossed, debossed or printed, Defendant may not sell such items.

SO ORDERED.

Dated: November 25, 2025
New York, New York

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge