UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FLAWLESS STYLE LLC and FLORIDA HUSKER, LLC

                  Plaintiffs,

      v.

SAADIA GROUP, LLC

                  Defendant.

1:23-CV-2354-LTS

---

ORDER

On September 29, 2025, this Court issued a Memorandum Opinion and Order that, among other things, granted Plaintiffs' motion for default judgment as to all but one of Plaintiffs' breach of contract claims. (Docket entry no. 99 ("Default Judgment Opinion").)[1] The Court subsequently ordered Plaintiffs to show cause as to why that final breach of contract claim—which sought an order of specific performance requiring Defendant to pay outstanding invoices to third-party personnel who were hired pursuant to the contractual Agreement between Plaintiffs and Saadia (the "Personnel Compensation Claim")—should not be dismissed for lack of standing and for failure to state a claim upon which relief can be granted. (See docket entry no. 104 ("OSC").) Plaintiffs made a timely responsive submission to which Defendant did not respond. (Docket entry no. 107 ("Pls. Mem.").) The Court has carefully reviewed Plaintiffs' submission. For the following reasons, the Court finds that Plaintiffs have standing to pursue the Personnel Compensation Claim and are entitled to default judgment on it.

---

[1] The Court assumes the parties' familiarity with the relevant background and procedural history of this case, which the Court set forth at length in the Default Judgment Opinion. All capitalized terms used in this Order have the meanings ascribed to them in the Default Judgment Opinion.

First, Plaintiffs have established that they have suffered a cognizable injury in fact sufficient to confer Article III standing onto them.  Standing doctrine requires plaintiffs to identify "a close historical or common-law analogue for their asserted injury," TransUnion LLC v. Ramirez, 594 U.S. 413, 424 (2021), and "[b]reach of contract was a quintessential harm traditionally recognized at common law," Incinia Contracting, Inc. v. Evanston Ins. Co., No. 23-CV-10917-MMG, 2025 WL 2781382, at *4 (S.D.N.Y. Sept. 30, 2025).  Here, it is undisputed that Defendant breached its contractual obligations under its Agreement with Flawless to pay certain third-party Personnel, but those Personnel are the ones who suffered a monetary loss, not Plaintiffs.  Plaintiffs have presented case law that persuasively explains that "a party to an agreement has standing to sue a counter-party who breaches that agreement, even where some or all of the benefits of that contract accrue to a third party." Spectre Air Cap., LLC v. WWTAI AirOpCo II DAC, 737 F. Supp. 3d 195, 206 (S.D.N.Y. 2024) (quoting Frontier Commc'ns of N.Y., Inc. v. Int'l Bhd. of Elec. Workers, No. 07-CV-10327-GEL, 2008 WL 1991096, at *3 (S.D.N.Y. May 6, 2008).[2]  Because Defendant's contractual obligation was to Flawless, "part of the benefit of [Flawless's] bargain is that" Defendant must pay the Personnel.  See Doe v. Oxford Health Plans (NY), Inc., No. 24-CV-5922-LJL, 2025 WL 1105287, at *6 (S.D.N.Y. Apr. 14, 2025).  Plaintiffs thus have a sufficient "personal stake" to sue for Saadia's breach, even if the Personnel would also likely have standing to sue as third-party beneficiaries to the Agreement.  TransUnion, 594 U.S. at 423; Frontier Commc'ns, 2008 WL 1991096, at *3.

---

[2]    Many other courts within this Circuit have held the same.  See, e.g., United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Cookson Am., Inc., 710 F.3d 470, 474 (2d Cir. 2013); Eletson Holdings, Inc. v. Levona Holdings Ltd., 731 F. Supp. 3d 531, 574 (S.D.N.Y. 2024); Khodeir v. Sayyed, 323 F.R.D. 193, 200 (S.D.N.Y. 2017).

Second, Plaintiffs have plausibly established that they are entitled to an order requiring specific performance of Defendant's obligations under the Personnel Compensation Provisions.  "In certain circumstances, '[s]pecific performance is an appropriate remedy in a breach of contract claim.'"  Saint Laurie Ltd. v. Yves Saint Laurent Am., Inc., No. 13-CV-6857-DAB, 2015 WL 12991205, at *4 (S.D.N.Y. Mar. 27, 2015) (citation omitted).  Specifically, under New York law, "a party can be compelled to perform its contractual obligations if (1) there is a valid contract; (2) plaintiff has substantially performed under the contract and is willing and able to perform its remaining obligations; (3) defendant is able to perform its obligations; and (4) plaintiff has no adequate remedy at law."  Id.

Here, the first three required elements are easily satisfied—the Personnel Compensation Clauses were valid provisions of the Agreement; Plaintiffs complied with all their obligations under the Agreement; and Defendant breached its obligations by failing to pay the Personnel.  Plaintiffs have now also persuaded the Court that the fourth element is satisfied: Plaintiffs lack an adequate remedy at law for Defendant's breach.  As Plaintiffs explained in their Memorandum, they suffered a breach yet have "'no economic interest in the performance'" of the Personnel Compensation Provisions, as any monetary benefit of Defendant's compliance with those provisions would accrue to the Personnel, not to Plaintiffs.  (Pls. Mem. at 7-8 (quoting Restatement (Second) of Contracts § 305 cmt. a (A.L.I. 1981)).)  These are exactly the circumstances in which specific performance is an appropriate remedy.  (Id. (citing Restatement (Second) of Contracts § 307 cmt. b).)

In sum, Plaintiffs have standing to pursue the Personnel Compensation Claim, are entitled to default judgment on that claim, and are further entitled to an order of specific performance.  Plaintiffs have presented uncontroverted evidence that Saadia failed to pay a total

of $57,150 in invoices, including (1) $22,500 to Flawless's social media team, Imprint Media;

(2) $23,940.12 to the Wall Group for their styling services; and (3) $10,709.88 to Forward

Artists for creative consulting services.  (See docket entry no. 90 ¶ 4; docket entry no. 90-1.)

Defendant is hereby ordered to pay those outstanding sums to the relevant entities.

This Order resolves the OSC (docket entry no. 104).


SO ORDERED.

Dated: New York, New York
          February 5, 2026


/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge