**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
FLAWLESS STYLE LLC, and
FLORIDAHUSKER LLC,

Plaintiffs,

-against-

SAADIA GROUP LLC,

Defendant.
--------------------------------------------------------------X

**ORDER FOR FURTHER INQUEST SUBMISSIONS**

**23-CV-02354 (LTS) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in the process of reviewing the inquest submissions by Plaintiffs Flawless Style LLC and FloridaHusker LLC (together, "Plaintiffs") following Judge Swain's grant of default judgment against Defendant Saadia Group LLC ("Defendant" or "Saadia"). Dkt. No. 99.

For the reasons below, Plaintiffs' calculations do not properly account for all of Saadia's payments at the time of receipt. Thus, Plaintiffs are directed to file revised interest calculations by **December 4, 2026**, in accordance with this Order.

## BACKGROUND ON SAADIA'S UNEXPLAINED PAYMENTS

Judge Swain referred the Inquest on Damages to this Court. Dkt. No. 99 at 32-33, Dkt. No. 100. Judge Swain asked that this Court provide a recommendation regarding the impact of the three "unannounced and unexplained payments" that Plaintiffs received from Saadia during their dealings. Dkt. No. 99 at 15; detailed in Plaintiffs' Default Briefing, Dkt. No. 88 at 21-22. Judge Swain noted, "[i]t is not clear how the monetary demand in Plaintiffs' Motion for Default Judgment treats the

impact of these unexplained payments on the outstanding principal and accruing interest. (Agreement § 8(e).)". Dkt. No. 99 at 15.

These payments (together, the "Unexplained Payments") total $673,087.19. Id. at 3, fn. 5. Saadia labeled each of these payments as "NY & Co Settlement" and sent the funds to Plaintiffs as follows:

- On May 13, 2021, in the amount of $132,006.40 (hereinafter, the "First Unexplained Payment").[1] Dkt. No. 108 at 8; Dkt. No. 111 at ¶¶ 35-40.
- On August 31, 2022, in the amount of $338,175.50 (hereinafter, the "Second Unexplained Payment"). Id.
- On May 1, 2023, in the amount of $202,905.29 (hereinafter, the "Third Unexplained Payment").[2] Id.

**PLAINTIFFS' TREATMENT OF SAADIA'S UNEXPLAINED PAYMENTS**

Plaintiffs have "no way to determine the purpose for these payments," and Saadia never clarified the Unexplained Payments in their correspondence. Dkt. No. 108 at 8; Dkt. No. 111 at ¶ 40. Plaintiffs thus address the Unexplained Payments in their inquest submissions by "subtract[ing] these payments from the total contract damages." Dkt. No. 108 at 8-9.

The Court has reviewed the Plaintiffs' inquest papers at Dkt. Nos. 108, 109, and 111 to understand how and when Plaintiffs incorporated the Unexplained

[1] The First Unexplained Payment preceded the Parties' Agreement, which they entered into "[o]n or about June 1, 2021." Dkt. No. 11 at ¶ 18.
[2] The Third Unexplained Payment post-dates the filing of this action on March 20, 2023. Dkt. No. 1.

Payments into calculating the damages owed for Guaranteed Royalties and Endorsement Compensation.[3] Each damages category includes both principal amounts and applicable interest. Dkt. No. 99 at 13-16.

Under the Parties' License and Spokesperson Agreement ("Agreement"), Plaintiffs determine the sum of past-due quarterly Guaranteed Royalty Payments ($625,000), liquidated damages owed because of non-payment of the Guaranteed Royalty Payments ($1,062,500) ("Liquidated Guaranteed Royalties"), and past-due quarterly Endorsement Compensation Payments ($437,500) to be $2,125,000. Dkt. No. 108 at 6-8. The Unexplained Payments are not incorporated at this stage.

Plaintiffs then calculate interest for the Guaranteed Royalty and Endorsement Compensation payments. Dkt. No. 108 at 7. To do so, Plaintiffs use the Agreement's interest rate of 12% per year, from the original due dates until paid.[4] Id. at 7-8, fn. 1; Dkt. No. 111 at ¶¶ 41-44; based on Section 8(e) of Parties' Agreement at Dkt. No. 19-1. Because balances became due on different dates, Plaintiffs "appl[y] twelve percent (12%) simple interest, accruing daily on a 365-day year, from each unpaid payment's due date through the date of this application (February 2, 2026), i.e., Interest = Principal × 0.12 × Days ÷ 365." Dkt. No. 111 at ¶ 43.

For example, under the Parties' agreement, the first unfulfilled Endorsement Compensation Payment of $62,500 was due on May 31, 2022. Dkt. No. 111 at ¶ 43.a.

---

[3] As in Judge Swain's order granting default, "[c]apitalized terms not otherwise defined herein retain their meaning under the [Parties'] Agreement." Dkt. No. 99 at 2, fn. 2.

[4] This Order does not opine on whether the 12% interest rate is appropriate, including for the period after Judge Swain granted the Motion for Default. Dkt. No. 99. The Court will analyze the applicable interest rate in its forthcoming Report and Recommendation.

The first unfulfilled Guaranteed Royalties Payment of $125,000 was due on that same date. Id. at ¶ 43.b. Plaintiffs calculate the accrued interest on these Endorsement Compensation and Guaranteed Royalties Payment amounts from May 31, 2022 through February 2, 2026, a period of 1,343 days. The accrued interest thus comes to $27,595.89 for the first unfulfilled Endorsement Payment and $55,191.78 for the first unfulfilled Guaranteed Royalties Payment. Id. at ¶ 43; Dkt. No. 108 at 8, fn. 1.

Plaintiffs use this methodology to quantify the interest for all unfulfilled Endorsement Compensation Payments, unfulfilled Guaranteed Royalties Payments, and Liquidated Guaranteed Royalties. Dkt. No. 111 at ¶ 44. Ultimately, Plaintiffs calculate the total applicable interest as of February 2, 2026 to be $778,623.29. Id. The Unexplained Payments are not incorporated at this stage.

Plaintiffs then sum the past-due Endorsement Compensation Payments, unfulfilled Guaranteed Royalties Payments, and Liquidated Guaranteed Royalties (altogether, $2,125,000) and the accrued interest of $778,623.29 to arrive at the total damages owed by Saadia as of February 2, 2026: $2,903,623.29. Dkt. No. 108 at 8.

Finally, Plaintiffs apply the total of the Unexplained Payments which were received between 2021 and 2023. Id. at 9. Accordingly, Plaintiffs reduce their demand by $673,087.19 (without adjusting for the time value of money of the Unexplained Payments) to arrive at outstanding damages of $2,230,536.10. Id.

## LEGAL STANDARDS GOVERNING INTEREST

Prejudgment interest accrues over time based on the amount of unpaid obligations and when they are deemed due. N.Y. C.P.L.R. 5001. Where Parties do

not agree otherwise, interest on payments due under a contract should be accounted for when they are received. Diamond v. Calaway, No. 18 Civ. 3238 (KPF) (KHP), 2019 WL 8955300, at *7 (S.D.N.Y. Oct. 25, 2019), report and recommendation adopted, No. 18 Civ. 3238 (KPF), 2020 WL 1228625 (S.D.N.Y. Mar. 13, 2020) ("Generally, if there is an amount due under the terms of the contract, **that amount should be paid less any payments already made** and the costs to perform the remainder of the contract.") (citing Arch Ins. Co. v. Precision Stone, Inc., 584 F.3d 33, 41 (2d Cir. 2009)) (emphasis added). See also N. River Ins. Co. v. Ace Am. Reinsurance Co., 361 F.3d 134, 144 (2d Cir. 2004) (citing New York cases to suggest that partial payments should be deducted before calculating prejudgment interest unless the claim to interest is preserved).

When a payment is made towards unpaid obligations, it should reduce the obligation at the time that the claimant receives it, applied first against the accrued interest, and then the principal. See Ohio Sav. Bank & Tr. Co. v. Willys Corp., 8 F.2d 463, 467 (2d Cir. 1925) (collecting cases in New York and other states to support general rule that partial payments apply first to outstanding interest and then to the principal amount). The interest calculated after that point will be based on the amount that is still left unpaid.

The policy rationale animating prejudgment interest is "that the aggrieved party has been damaged **by a loss of the use of money** or its equivalent and that unless interest is added the party aggrieved is not made whole. Thus, prejudgment

interest is compensation for the use of money." U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 78 (2d Cir. 2004) (cleaned up) (emphasis added).

## DISCUSSION

Here, Plaintiffs had Saadia's Unexplained Payments much earlier than February 2, 2026. Once Saadia paid Plaintiffs each of the Unexplained Payments, Plaintiffs regained the use of that specific amount of money. Plaintiffs' order of operations in first calculating the accrued interest and later applying the Unexplained Payments is therefore flawed.

By crediting these Unexplained Payments only after calculating prejudgment interest through 2026, Plaintiffs artificially inflate the amount that was past-due. Each of the Unexplained Payments should have reduced the interest and principal Saadia owed to Plaintiffs at the time it was made.

The proper approach is for Plaintiffs to first apply each of the Unexplained Payments toward the outstanding amounts *as of* the date of each payment. The Unexplained Payments should apply first to any accrued interest, and to outstanding principal. Only against the *reduced* amount can interest for late payments accrue.

To illustrate the consequences of the approaches: Plaintiffs had the benefit of the First Unexplained Payment as early as May 13, 2021. Dkt. No. 108 at 8; Dkt. No. 111 at ¶¶ 35-40. Thus, the $132,006.40 should be credited against the first unfulfilled Endorsement Compensation and Guaranteed Royalties Payments, which amounted to $187,500 due over a year later, on May 31, 2022. As discussed *supra*, Plaintiffs instead treat these obligations as if they were unpaid in full until February 2, 2026,

thus accruing interest on the entire amounts for nearly four years. On the interest from just these two obligations alone, Plaintiffs claim Saadia owes over $80,000.

Similarly, Plaintiffs had the benefit of the Second Unexplained Payment on August 31, 2022, in the amount of $ 338,175.50, and the Third Unexplained Payment on May 1, 2023, in the amount of $ 202,905.29 Id. Plaintiffs therefore must credit these Payments against the accrued interest and unfulfilled payments owed by Saadia on August 31, 2022 and May 1, 2023, respectively.

**ORDER**

If Plaintiffs wish for the Court to consider interest in its forthcoming Report and Recommendation, they must submit revised interest calculations that properly address the Unexplained Payments as outlined in this Order. This submission is due on **December 4, 2026** and shall not exceed five pages.

In addition, the Court notes that Plaintiff's initial submission did not include an Excel Sheet with the relevant calculations, as required by this Court's Individual Rules at II.G. Thus, by **December 4, 2026**, Plaintiffs must email the Court an Excel spreadsheet including all relevant calculations, including the revisions contemplated by this Order, and certify on the docket that they did so.

SO ORDERED.

DATED: New York, New York
October 15, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge